## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

DAVID CUNNINGHAM,

      Plaintiff,

v.                                     Case No: 5:15-cv-480-Oc-30PRL

SCHOOL BOARD OF LAKE COUNTY,
FLORIDA and SUSAN MOXLEY,

      Defendants.

_____

## ORDER

David Cunningham is suing the School Board of Lake County and Superintendent Susan Moxley for alleged employment retaliation under the First Amendment and racial discrimination. As part of his damages, Cunningham has claimed emotional distress, and at deposition testified that he was suffering from posttraumatic stress disorder and depression. Defendants now move to compel a compulsory mental examination of Cunningham under Federal Rule of Civil Procedure 35(a)(1). Because Defendants have not met their burden of showing Cunningham's mental state is in controversy and have not established good cause, the Court concludes the Motion (Doc. 41) should be denied.

## DISCUSSION

To compel a mental examination, "Rule 35 … requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause'…."

*Schlagenhauf v. Holder*, 379 U.S. 104, 118–19, 85 S. Ct. 234, 243, 13 L. Ed. 2d 152 (1964). These requirements "are not met by mere conclusory allegations of the pleadings–nor by mere relevance to the case–but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* The movant has the burden of establishing both requirements. *Roberson v. Church*, No. 3:09-CV-372-J-34MCR, 2009 WL 5214989, at *1 (M.D. Fla. Dec. 29, 2009).

Defendants have failed to meet their burden. Defendants provided essentially a three paragraph motion that fails entirely to address the "in controversy" requirement and provides only a conclusory statement that Defendants have demonstrated "good cause." (Doc. 41). This is insufficient to meet the stringent standard required to subject Cunningham to a mental examination.

Beyond that, the Court is not convinced that Defendants could meet their burden based on the allegations in the pleadings and Cunningham's deposition testimony that they presented to the Court. That is because garden variety claims for emotional distress, as Cunningham seeks, do not put his mental condition in controversy. *Nathai v. Fla. Detroit Diesel–Allison, Inc.,* 268 F.R.D. 398, 400 (M.D. Fla. 2010) ("It is true, a plaintiff does not put his or her mental condition in controversy simply by seeking damages based on emotional distress."); *Torrey v. Marion Cnty. Sch. Bd.,* No. 5:12–CV–662–OC–10PRL, 2014 WL 457766, at *1 (M.D. Fla. Feb. 4, 2014) ("Typically, a Plaintiff's claim for emotional distress does not necessarily warrant a Rule 35 mental examination."); *Ali v. Wang Labs., Inc.,* 162 F.R.D. 165, 167–68 (M.D. Fla. 1995) ("[P]laintiff's

'mental condition' within the meaning of Rule 35 is not necessarily placed in controversy merely because plaintiff seeks recovery for 'emotional distress'. A person with no 'mental condition' may still suffer emotional distress which is compensable."); *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 553 (N.D. Ga. 2001) ("The majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress.").

And while Cunningham testified at deposition that he suffers from post-traumatic stress, that is not something Cunningham will be able to testify about at trial; such a diagnosis would require a medical professional's testimony. Defendants' bare motion did not show that there will be any testimony from a medical professional that Cunningham suffered from post-traumatic stress disorder, so Defendants have not established that a compulsory mental examination is necessary at this time. If Defendants depose Cunningham's doctors and are able to establish post-traumatic stress disorder is their diagnosis—a diagnosis for which Cunningham is seeking damages in excess of those for garden-variety emotional distress—the Court will reconsider whether a mental examination is appropriate.

Accordingly, it is ORDERED AND ADJUDGED that:

1.  Defendants' Amended Motion for Mental Examination (Doc. 41) is DENIED.

2.  Defendants' Amended Motion for Enlargement of Time (Doc. 38) is DENIED as premature.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of March, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4